# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| WILLIS A. BAILEY | CIVIL ACTION NO. 04-1482-LC |
| VS. | SECTION P |
| GREG HILL, JOHN GOTT, SHANE FRUGE, AND DALE SHARP | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on July 14, 2004, by Willis A. Bailey.[1] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is presently incarcerated at the Vernon Correctional Facility (VCF), Leesville, Louisiana. Plaintiff names the following Deridder City Police Department Officers as defendants in this matter: Sergeant Greg Hill, and narcotics officers John

---

[1] Plaintiff originally filed this claim individually, and on behalf of his wife, Christina M. Bailey. However, via memorandum order [Doc. #6] dated December 2, 2004, plaintiff was advised, among other things, that as a non-attorney, he was not permitted to represent the interests of his wife in the lawsuit filed with this court. See *Gonzales v. Wyatt,* 157 F.3d 1016 (5th Cir. 1998); *Brown v. Ortho Diagnostice Systems, Inc., 868 F. Supp. 168* (E.D. Virginia 1994). Plaintiff was further advised that if Christina M. Bailey desired to pursue any alleged civil rights violations, she must seek licensed counsel to represent her interests. The court informed plaintiff that any claims brought by him on behalf of his wife must be dismissed. On December 23, 2004, plaintiff filed an "amended complaint" [Doc. #7] apparently in response to the memorandum order. However, the amended complaint merely added plaintiff's wife's signature. Therefore, by order dated December 30, 2004 [Doc. #8], the court struck plaintiff's amended complaint, noting that Mrs. Bailey had not paid the filing fee or submitted an application to proceed *in forma pauperis* and thus, could not be added as a plaintiff.

      Plaintiff was also advised via the memorandum order [Doc. #6], that the extent that he sought "immediate release from DOC on current charges" [Doc. 1, p. 5], such request constituted relief required to be brought before the court pursuant to a Writ of *Habeas Corpus* (28 U.S.C. § 2254). The court noted that "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987). Thus, plaintiff was instructed to refile (should he so desire) in a separate suit, his *habeas* claim for immediate release from custody. Plaintiff was advised that should he choose to further pursue his *habeas* claim, such claim would be subject to jurisprudential exhaustion requirements as well as a determination as to whether or not the petition was time-barred by the provisions of 28 U.S.C. § 2244(d)(1), and whether or not any or all of the claims raised are subject to the procedural default doctrine.

Gott, Shane Fruge, and Dale Sharp.

This matter has been referred to the undersigned for review, report and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff complains of events that allegedly occurred in July, August, September and December 2003. More specifically, plaintiff states that the named officers unjustly harassed him on numerous occasions, including conducting an illegal search of his automobile and home, and confiscating and copying private legal documents that were later returned to plaintiff.[2] In this regard, plaintiff states that in July 2003, defendant Hill escorted him out of the hospital emergency room and asked him useless questions and informed plaintiff that he need to sign a statement saying that a crack pipe was found in his wife's car. Plaintiff claims that he later found out that there was no crack pipe found. [Doc. #12, p.1]. Plaintiff further states that in August 2003, he and a passenger were in his truck and were stopped by defendants Sharp, Fruge, and Gott, allegedly because the passenger was not wearing a seat belt. Plaintiff claims that the defendants "ran a dog around" his truck and that the dog gave no alert to indicate the presence of drugs. Nevertheless, plaintiff states that the defendants illegally searched his truck despite the fact that the plaintiff had told them that they could not. Plaintiff alleges that this was done four days prior to his being sentenced to five years in DOC custody for possession of crack cocaine, and that the defendants disturbed his final quality time with his wife and disrespected him by illegally searching his truck.

In addition to the above allegations, plaintiff also states that in August 2003, defendant

---

[2] These are the only remaining claims. As stated in footnote 1, above, the court advised plaintiff that the claims brought on behalf of his wife, as well as those seeking *habeas* relief would be dismissed. Further, plaintiff's amended complaint [Doc. #12] did not mention nor add any additional information concerning these claims.

Gott (along with other officers) kicked his door in and searched his house. Although plaintiff admits that the officers had a search warrant, plaintiff nevertheless states that he feels that his house should not have been searched. Plaintiff further complains that defendants Gott, Sharp and Fruge confiscated and copied legal documents from his house (the documents were returned to plaintiff) as plaintiff states that the officers only had a search warrant for crack cocaine and marijuana, not legal papers. As a result of these incidents, plaintiff seeks a restraining order "against law enforcement unless accompanied by a proper search warrant or obvious cause, and 2 million dollars for property damage and mental duress."

## Procedural History

On December 2, 2004, plaintiff was ordered to amend his complaint so that it would state a claim upon which relief could be granted. More specifically, the court advised plaintiff that Section 1983 complainants must support their claims with **specific facts** demonstrating a constitutional deprivation and may not simply rely on **conclusory** allegations. See *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff was instructed to provide to the court allegations of the constitutional deprivation he has suffered and how each defendant allegedly violated his constitutional rights. On December 23, 2004, plaintiff filed an "amended complaint" [Doc. #7]. However, the amended complaint did not cure any of the deficiencies noted in the memorandum order. Therefore, by order dated December 30, 2004 [Doc. #8], the court struck plaintiff's amended complaint, stating that the amended complaint did not add anything to plaintiff's civil rights action. As plaintiff's amended complaint was stricken from the record in this matter, the only active pleading that plaintiff had on file in this case was his original complaint which, as outlined in the memorandum order, was deficient in several aspects. Thus, with only plaintiff's original

complaint filed as of record in this matter, plaintiff had failed to comply with the order of this court to file an amended complaint which cured the deficiencies noted in the memorandum order. Accordingly, on April 18, 2005, the court filed a notice of intent to dismiss plaintiff's complaint as frivolous. Plaintiff responded to the notice by filing an amended complaint on May 5, 2005.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[3] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with <u>specific</u> facta

---

[3] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

4

demonstrating a constitutional deprivation and may not simply rely on <u>conclusory</u> allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

As previously stated, plaintiff has been given not one, but two, opportunities to amend his complaint in order to provide specific facts which support his allegations that his constitutional rights were violated by the defendants. Plaintiff's first amended complaint was stricken as it merely added plaintiff's wife signature to the complaint. Plaintiff's second attempt to amend his complaint, while different from his original complaint in form, is equally lacking in substance. Plaintiff basically added nothing to the amended complaint that could not already be gleaned from the original complaint. Simply put, plaintiff's claims do not equate to anything more than conclusory allegations that his constitutional rights were violated. More specifically, the mere fact that the defendants searched plaintiff's vehicle after he told defendants that they could not conduct the search does not, without more, support plaintiff's assertion that the search was illegal. This is especially true in the present case where the plaintiff states that the defendants claim that the search dog indicated that it found signs of drugs. In addition, that defendants may have "disturbed" plaintiff's "final quality time" with his wife, and that plaintiff felt that defendants "disrespected" him by searching plaintiff's truck, do not constitute constitutional violations. Moreover, in regard to the August 2003 search of plaintiff's home, plaintiff states that the defendants had a search warrant. Thus, plaintiff's contention that he "felt" that his house should not have been searched, does not demonstrate with any specificity, that plaintiff's

constitutional rights have been violated by the defendants. Likewise, that defendants confiscated and copied certain papers (which were later returned) from plaintiff's house during a search conducted pursuant to a warrant for cocaine and marijuana, fails to rise to the level of a constitutional violation. Thus, for the reasons stated above, the court finds that plaintiff's §1983 action fails to state a claim for which relief may be granted.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief can be granted, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of August, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE